Chancellor Rutledge
delivered the decree of the court.
In this case there are three points tó be considered.
1st. Whether the exhibit A. is to be considered as a mortgage of tbe bouse & plantation, fortbe sum of §8,466, received by defendant’s testator from complainant, to be by him laid out for her1 benefit and advantage, or merely ae< *569 an acknowledgment of so much money received by him for her use, and to be accounted for ?
2d. Whether defendant’s testator is to be Considered as a trustee for complainant, as to §2500, received for her plate sold in 1804, with which he purchased negroes; which negroes are either to be considered as hers, or he made responsible for the amount of the purchase money ?
3d. Whether any interest is to be allowed complainant on the monies received on her account by Dr. Polony, and from what time ?
As to the first point, in whatever view this paper is considered, there can be no doubt that the intention-of Dr. Polony was to secure to complainant the amount of the different sums of money therein specified, and that too in preference to all his other creditors, (though indeed those whose claims are secured by mortgage and judgment, will have a preference) and therefore though this paper has not the legal form of a mortgage, yet it bears all the features of one ; and as the intention of the party that it shall be so considered, is manifested, by his declaring that the house andpalntation are mortgaged to complainant in preference to all other creditors, this court, which regards the substance .only, and not forms and circumstances, will give it all the efficacy of a mortgage, and support the claim of complainant as far as the funds will extend, with respect to the §8466, after the prior incumbrances are fully satisfied. Indeed it was conceded by one of the defendant’s counsel, that it might operate as far as the §8466.
With regard to the 2d question, it is evident from the paper adduced, that Dr. Polony sold a considerable quantity of plate belonging to the complainant, amounting to §2500, and with that money he declares he.purchased ne-groes for his plantation; and further, that for that sum his estate is indebted to complainant, until^ he should put all his business in order.
This must either be considered as a declaration of trust arising by implication, or it must be considered as anequi *570 table lien : in either view it will have ultimately the samh effect; with this difference only, that if it is- considered as a declaration of trust, the individual negroes will be bound; but if it is an equitable lien, the estate generally.
The court are rather inclined to consider it an equitable lien-on Dr. Polony’s estate than a trust, because it does not appear'on the face of the paper that he was intrusted with this sum, to be laid out for her benefit and advantage, as he was with that which he first received on complainant’s account; and he has not in this last memorandum fixed on any specific property, as a fund out of which this money is to be paid ; therefore it must be paid out of the estate generally. With respect to the $696-, as he has not noticed it at all, although it has been proved that he received it, yet we do not think complainant entitled to be paid with interest in any other way than in average and proportion, with Dr. Polony’s other simple contract creditors; and as to the $1,000, another item reported by the master, which was not .mentioned in complainant’s account, the court refers her to her action at law. On the 3d ground respecting the interest, we are of opinion, that as the house and plantation are pledged for the payment of the $8466, that money shall draw interest from the times the sums*, were respectively received by Dr. Polony, tobe paid however only out of funds arising from the sales of the house and plantation ; and the $2,500 should draw interest from August, 1804, and to be paid out of the estate generally. -
Refer it to the master to ascertain the principal and interest due to complainant, and report thereon.